| | |
|---|---|
| BRIAN NEUFELD, | 1:18-cv-01012-LJO-SKO |
| Plaintiff, | ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION TO STAY THESE PROCEEDINGS PENDING ARBITRATION |
| v. | |
| CAPITAL BANK N.A., dba OPENSKY; et al., | |
| | (Doc. 38) |
| Defendants. | |

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

Before the Court is Defendant Experian Information Solutions, Inc. and Trans Union LLC's ("CRA Defendants") motion to stay this litigation pending arbitration. (Doc. 38.)

Plaintiff Brian Neufeld originally filed suit in July 2018 against Capital Bank N.A., (dba "OpenSky") and CRA Defendants. Plaintiff maintained a credit card account with OpenSky, and in 2017, OpenSky allegedly changed its online payment system without notifying Plaintiff, causing Plaintiff's credit card payments to become delinquent. While Plaintiff disputed the delinquent payments with OpenSky, who in turn reassured Plaintiff by email that the late fees would be waived and OpenSky was "working with credit bureaus to restore [Plaintiff's] credit history," the late payments were still reported to CRA Defendants. After the situation was not rectified, Plaintiff filed suit against OpenSky and CRA Defendants alleging against each of them, *inter alia*, claims under the Fair Credit Reporting Act ("FCRA"). Each of these FCRA claims requires Plaintiff to prove, among other things,

1

that the information OpenSky furnished to the CRAs was inaccurate.[1]

In December 2018, Plaintiff dismissed his claims against OpenSky here to proceed against OpenSky in arbitration instead. (Doc. 31.) This left CRA Defendants as the only remaining defendants in this case. CRA Defendants filed a motion to stay this ligation while the arbitration between Plaintiff and OpenSky is pending. CRA Defendants argue Plaintiff's FCRA claims against OpenSky and CRA Defendants require Plaintiff to prove the information OpenSky furnished is inaccurate. Since this will be a necessary factual and legal issue decided in the arbitration, CRA Defendants argue under *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936), a stay of these proceedings is necessary for efficiency and to avoid harm to the parties.

A district court has inherent power to control the disposition of its docket in a manner which will promote "economy of time and effort for itself, for counsel, and for litigants." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1968). When it is proposed that a pending proceeding be stayed, competing interests must be weighed through the exercise of the Court's discretion. *Id.* The interests that must be weighed include (1) the possible damage which may result from granting a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *Id.* (citing *Landis*, 299 U.S. at 254-55).

While the Court agrees the issue of accuracy of OpenSky's reporting to the CRAs will be

---

[1] The Ninth Circuit has held that liability under 15 U.S.C. "§ 1681e(b) is predicated on the reasonableness of the credit reporting agency's procedures in obtaining credit information." *Guimond v. Trans Union Credit Information Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995). If a consumer's report contains an inaccuracy, the CRA who generate the inaccurate report may be held liable only if it failed to follow reasonable procedures. *Id.*

To state a claim under 15 U.S.C. § 1681i, a plaintiff must establish that (1) his credit files contained inaccurate or incomplete information; (2) he notified CRA defendants directly of the inaccuracy; (3) the dispute is not frivolous or irrelevant; and (4) that the CRA defendants failed to respond to the dispute; and (5) failure to reinvestigate caused Plaintiff to suffer actual damages. *Thomas v. Trans Union, LLC*, 197 F. Supp. 2d 1233, 1236 (D. Or. 2002).

To establish liability on either of these claims, Plaintiff must prove the information provided to Defendant CRAs was, in fact, inaccurate. *Carvalho v. Equifax Information Servs., LLC*, 629 F.3d 876, 890 (2010).

2

addressed in arbitration of Plaintiff's FRCA claims against OpenSky, CRA Defendants have not sufficiently shown a stay of this litigation will result in any savings of judicial resources or will prevent harm to the parties. The degree of accuracy of information OpenSky furnished to CRA Defendants is only one necessary element in Plaintiff's FCRA claims against CRA Defendants. Even assuming the information furnished by OpenSky is deemed in arbitration to be inaccurate, the FCRA claims against CRA Defendants here will still necessarily require that Plaintiff prove CRA Defendants failed to follow proper procedures for verifying the information or failed to properly re-investigate. *See Guimond*, 45 F.3d at 1333; *Thomas*, 197 F. Supp. 2d at 1236.

Moreover, although it is possible that the arbitration findings would have issue-preclusive effect on this litigation as to the accuracy of the information OpenSky furnished to Defendants, CRA Defendants make no legal showing to support the applicability of issue-preclusion under such circumstances, and, as mentioned, it is not foregone that the finding would be dispositive as to the FCRA claims against CRA Defendants.

CRA Defendants also note there could be inconsistent determinations if the litigation and arbitration proceed at the same time, but because the arbitration findings as to the accuracy of information furnished by OpenSky are not dispositive of the FCRA claims against CRA Defendants, and because CRA Defendants here are not subject to the arbitration, it is not clear how inconsistent findings would prejudice CRA defendants. The only party who is present in both the arbitration and the litigation and who would be potentially subject to inconsistent findings/judgments would be Plaintiff, and he wishes to proceed. There is no clear-cut benefit to staying this case while arbitration proceeds against OpenSky – the only sure result is protracting this litigation.

Further, as to prejudice or harm in the absence of a stay, CRA Defendants maintain they will be required to subpoena records from OpenSky. Without any showing the arbitration will have preclusive effect on the FCRA claims here, CRA Defendants will be required to subpoena records from OpenSky anyway. Whether CRA Defendants subpoena those records now or later, there is no savings realized.

As to OpenSky "losing the benefit of arbitration" by being subject to Rule 45 subpoenas here, simply being subject to a non-party record subpoena in no way causes OpenSky to lose the benefit of arbitration – the claims against it are dismissed, and OpenSky is not defending itself in this forum any longer.  CRA Defendants also point to the possibility the one-satisfaction rule will be violated if both arbitration and this litigation go forward at the same time, but they offer no convincing explanation how the one-satisfaction rule would become an issue or how any risk of violating the rule is ameliorated by staggering the two proceedings.

On this record, a *Landis* stay is not appropriate or warranted.  It is not established how a stay would result in substantial savings or simplification of the legal and factual issues, and CRA Defendants have not articulated a real risk of harm or prejudice to the moving parties if a stay is not entered.

In the event the case is not stayed, the parties have requested to extend their scheduling deadlines because they have not completed necessary discovery.  The Magistrate Judge will consider that issue; however, the parties may wish to reconsider consenting to Magistrate Judge jurisdiction as the Magistrate Judges' trial calendars are not as impacted as the District Court, and they are generally able to offer more scheduling options and flexibility.  This Court's trial calendar has been impacted severely by judicial resource constraints for several years.  This problem is becoming even more pronounced as 2020 approaches.

For the reasons set forth above, IT IS HEREBY ORDERED that CRA Defendants' motion to stay these proceedings is DENIED without prejudice.

IT IS SO ORDERED.

    Dated:   **May 6, 2019**                             **/s/ Lawrence J. O'Neill**
                                                         UNITED STATES CHIEF DISTRICT JUDGE