# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN NEUFELD, | Case No. 1:18-cv-01012-LJO-SKO |
| Plaintiffs, | **ORDER DENYING WITHOUT PREJUDICE STIPULATED PROTECTIVE ORDER** |
| v. | |
| EXPERIAN INFORMATION SOLUTIONS, INC. and TRANS UNION LLC, | (Doc. 55) |
| Defendants. | |

## I. INTRODUCTION

On June 18, 2019, the parties filed a request seeking Court approval of their Stipulated Protective Order (the "Protective Order"). (Doc. 55.) The Court has reviewed the Protective Order and has determined that, in its current form, it cannot be granted. For the reasons set forth below, the Court DENIES *without prejudice* the parties' request to approve the Protective Order.

## II. DISCUSSION

**A. The Protective Order Does Not Comply with Local Rule 141.1(c)**

The Protective Order does not comply with Rule 141.1 of the Local Rules of the United States District Court, Eastern District of California. Pursuant to Rule 141.1(c), any proposed protective order submitted by the parties must contain the following provisions:

(1) A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);

(2) A showing of particularized need for protection as to each category of information proposed to be covered by the order; and

(3) A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

Local Rule 141.1(c). The Protective Order fails to contain this required information.

Local Rule 141.1(c)(1) requires "[a] description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information." The Protective Order, in its current form, fails to sufficiently identify the types of information to be protected. Specifically, the Protective Order describes information to be designated "confidential" as information "relating to trade secrets, proprietary systems, confidential commercial information, confidential research and development, or other proprietary information belonging to a Party, and/or credit and other confidential information regarding Plaintiff[.]" (Doc. 55 at 2.) The parties must describe the information with more specificity, including what the "trade secrets, proprietary systems … commercial information" and other information relate to, and what "other confidential information" of Plaintiff's is eligible for protection.

The Protective Order also fails to identify the parties' need for protection in anything but general terms. As the parties do not present any *particularized* need for protection as to the identified categories of information to be protected, the Protective Order fails to comply with Local Rule 141.1(c)(2), which requires "[a] showing of particularized need for protection as to each category of information proposed to be covered by the order."

Finally, the requirement of Local Rule 141.1(c)(3) is not at all addressed. In its current form, the Protective Order does not show "why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties."

**B.     The Parties' Stipulated Protective Order is Denied <u>Without</u> Prejudice**

The parties may re-file a revised proposed stipulated protective order that complies with Local Rule 141.1(c) and corrects the deficiencies set forth in this order.

### III.     CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that the parties' request for approval of their Stipulated Protective Order (Doc. 55) is DENIED without prejudice to renewing the request.

IT IS SO ORDERED.

Dated: **June 20, 2019**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE